UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WYSKIVER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Civil No.　15-cv-597-LAB (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[ECF No. 2]** |

On March 16, 2015, Plaintiff John W. Wyskiver ("Plaintiff") filed a complaint seeking judicial review of Defendant's denial of disability benefits under the Social Security Act. (ECF No. 1.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Plaintiff's IFP motion has been referred to the undersigned Magistrate Judge for resolution. (ECF No. 4.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, are required to pay a $350 filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing that he is unable to pay filing fees. *See* 28 U.S.C. §1915(a).

In the present case, having reviewed Plaintiff's motion and declaration in support of the motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees. *See Rodriguez*, 169 F.3d at 1177. Indeed, Plaintiff indicates he has not been employed since March 2007, he receives $200 in food stamps per month, and he has a combined $205 in his checking and savings accounts. (ECF No. 2 at 2.)

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is also subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Having conducted its initial review of Plaintiff's complaint, the Court finds it sufficient to survive the *sua sponte* screening provisions of § 1915(e)(2).

Accordingly, for good cause shown, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to proceed IFP is **GRANTED**.
2. The United States Marshal shall serve a copy of the complaint, summons, and this Order granting Plaintiff leave to proceed IFP upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
3. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: March 19, 2015

DAVID H. BARTICK
United States Magistrate Judge